UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG TAN HUANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIM BELL & GALE BELL,<br><br>　　　　Defendants. | Case No.: C 09-5099 PVT<br><br>**ORDER THAT CASE BE REASSIGNED ALONG WITH REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT LEAVE TO AMEND** |

On October 23, 2009, Plaintiff filed a complaint along with an Application to Proceed *In Forma Pauperis*.[1]  Based on the Application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Judge[2] with the recommendation that the case be dismissed without leave to amend.  A federal court must dismiss an *in forma pauperis* complaint if the complaint is: 1) frivolous; 2) fails to state a claim on which relief may be granted; or seeks 3) monetary relief against a defendant who is immune from such relief.  See, 28 U.S.C. § 1915(e)(2); see also *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings.  *See, e.g., Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

ORDER, *page 1*

1    In the present case, Plaintiff's pleadings fail to state a claim upon which relief may be
2 granted.  Plaintiff asserts numerous allegations against judges of the Superior and Appellate Courts
3 of California, but asserts no allegations against the only named Defendants, Tim and Gayle Bell.  To
4 the extent Plaintiff intends this action to be an appeal of his state court action against Tim and Gayle
5 Bell,[3] this court lacks jurisdiction.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of*
6 *Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "The basic premise of
7 Rooker-Feldman is that 'a federal district court does not have subject matter jurisdiction to hear a
8 direct appeal from the final judgment of a state court.' "  *See Maldonado v. Harris*, 370 F.3d 945,
9 949 (9th Cir. 2004) (citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)).  This doctrine
10 "recognizes the implicit statutory structure established by Congress, which has determined that the
11 United States Supreme Court is the only federal court with jurisdiction to hear appeals from state
12 courts." *Ibid*.

13    To the extent Plaintiff intends to bring an action against the state court judges for alleged
14 wrongful acts committed in the course of the state court action, the judges are immune from suit.
15 *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 923 (9th Cir.2004) (state court judges are
16 absolutely immune from suits for damages for acts undertaken in judicial capacity).

17    Generally, a district court must give *pro se* litigants an opportunity to amend their complaint
18 unless it is absolutely clear that no amendment could cure the defect.  See, *Lopez v. Smith*, 203 F.3d
19 1122, 1130 (9th Cir. 2000) (en banc).  In the present case, Plaintiff cannot cure the defects in his
20 complaint through amendment.  Thus, leave to amend is unwarranted.

21 Dated: *11/6/09*

22                                                  *Patricia V. Trumbull*
                                                    PATRICIA V. TRUMBULL
23                                                  United States Magistrate Judge

---

[3]    *See* Application to Proceed In Forma Pauperis (docket no. 2) at 4:3.

ORDER, *page 2*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on     *11/9/09*          to:

Yong Tan Huang
345 North 5th St.
San Jose, CA  95112

                         */s/   Donna Kirchner           for*
                         CORINNE LEW
                         Courtroom Deputy