1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 3/24/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

YONG TAN HUANG,

               Plaintiff,

    v.

TIM BELL, et al.,

               Defendants.

Case Number C 09-5099 JF (PVT)

ORDER[1] DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM
ORDER OF DISMISSAL

[re: document nos. 57, 70 ]

On December 7, 2010, this Court issued an order denying Plaintiff's application to proceed in forma pauperis and granting Plaintiff thirty days to pay the filing fee. The order stated that if Plaintiff failed to pay the filing fee within thirty days, the Court would dismiss the action without prejudice. Plaintiff, who is proceeding *pro se*, failed to pay the filing fee within the time provided. On February 2, 2010, the Court dismissed the action without prejudice for failure to pay the filing fee. The Court also terminated all pending motions, which included a motion to dismiss filed by Defendants on December 7, 2009 and motions for summary judgment filed by Plaintiff on January 22, 2010, January 28, 2010, and February 1, 2010.

---

[1]    This disposition is not designated for publication and may not be cited.

1    On February 19, 2010, Plaintiff filed a motion for reconsideration of the dismissal order.

2  On March 23, 2010, Plaintiff filed an amended motion seeking relief from the dismissal order.

3  The Court concludes that these motions are appropriate for disposition without oral argument

4  pursuant to Civil Local Rule 7-1(b).

5    Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b), which provides as

6  follows:

7        On motion and just terms, the court may relieve a party or its legal representative
         from a final judgment, order, or proceeding for the following reasons:
8
         (1) mistake, inadvertence, surprise, or excusable neglect;
9
         (2) newly discovered evidence that, with reasonable diligence, could not have
10        been discovered in time to move for a new trial under Rule 59(b);

11       (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
         misconduct by an opposing party;
12
         (4) the judgment is void;
13
         (5) the judgment has been satisfied, released or discharged; it is based on an
14        earlier judgment that has been reversed or vacated; or applying it prospectively is
         no longer equitable; or
15
         (6) any other reason that justifies relief.
16

17  Fed. R. Civ. P. 60(b).  It is unclear upon which provisions of the rule Plaintiff relies.  He

18  complains that he received the order of dismissal on February 4, 2010, only one day before the

19  scheduled hearing date of February 5, 2010.  The Court's dismissal order was entirely

20  independent of the motion to dismiss that had been set for February 5, 2010.  The Court

21  dismissed Plaintiff's action not based upon any deficiency in his pleading, but *because he did not*

22  *pay the filing fee within the time provided by the Court*.  Plaintiff indicates that he attempted to

23  pay the filing fee *after* dismissal of this action, but he offers no explanation for his failure to pay

24  the filing fee within the thirty-day window granted by the Court.

25    Plaintiff objects to the fact that the Court's dismissal order does not address the merits of

26  Plaintiff's claims.  Again, the action was dismissed for failure to pay the filing fee – such

27  dismissal does not depend upon or require evaluation of the merits of Plaintiff's claims.

28    Plaintiff contends that the his action was "not dismissible" because it arose under the

2

1   United States Constitution.  Plaintiff is mistaken.  While the Court certainly has jurisdiction over

2   properly filed actions raising federal constitutional claims, such claims are subject to dismissal

3   when the plaintiff fails to pay the filing fee or otherwise fails to comply with the orders of the

4   court.  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("Had petitioner failed to comply with a

5   scheduling order or pay a filing fee established by a court of appeals, that court could certainly

6   dismiss the appeal."); *Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (recognizing "inherent power"

7   of court to dismiss case for want of prosecution).

8          Plaintiff asserts that the Court acted improperly in failing to calendar his motion for

9   summary judgment for February 5, 2010.  Plaintiff filed the subject motion for summary

10  judgment on January 22, 2010 and noticed it for hearing on February 5, 2010.  The Court

11  declined to calendar the motion for the noticed hearing date on the ground that the motion was

12  filed less than thirty-five days prior to the hearing date as required by the Court's Civil Local

13  Rules.  *See* Civ. L.R. 7-2(a).  Plaintiff cites an outdated version of Federal Rule of Civil

14  Procedure 56 for the proposition that his motion for summary judgment was timely because it

15  was filed at least ten days prior to the hearing.  Rule 56 no longer contains the provision relied

16  upon by Plaintiff.  Moreover, the rule provides that its timing requirements apply "unless a

17  different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56(c).  This

18  Court's Civil Local Rules require that a motion be filed at least thirty-five days prior to the

19  hearing date.  Moreover, this Court' standing order requires that counsel and parties reserve a

20  hearing date with the Court's administrative law clerk prior to noticing a motion.  Plaintiff failed

21  to comply with either requirement.  Thus the Court acted well within its authority when it

22  declined to calendar Plaintiff's motion for summary judgment for the date of February 5, 2010.

23         The Court is mindful of Plaintiff's *pro se* status and might be inclined to grant relief from

24  dismissal if Plaintiff had offered an explanation for his failure to pay the filing fee or had

25  demonstrated any likelihood of stating a cognizable claim against Defendants.  As the record

26  stands, the Court declines to grant relief from its order of dismissal.  The Court reminds Plaintiff

27  that the dismissal of this action is without prejudice to Plaintiff's filing of a new action against

28  Defendants.  If Plaintiff chooses to file a new action, the Court cautions Plaintiff that he must

1  comply with the *current* Federal Rules of Civil Procedure, this Court's Civil Local Rules, and

2  this Court's standing orders.

3  **ORDER**

4  Plaintiff's motion for relief from the order of dismissal is DENIED.

11  DATED: 3/24/2010

12  _____

13  JEREMY FOGEL
United States District Judge

4

1    Copies of Order served on:

2

3    Yong Tan Huang
     345 N. 5th Street
4    San Jose, CA 95112

5    Hugh Francis Lennon hfl@robinsonwood.com, rmm@robinsonwood.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-5099 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL
(JFLC2)